

RECEIVED
IN MONROE, LA
AUG 5 - 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIM. NO. 06-30003-01 |
| VERSUS | JUDGE ROBERT G. JAMES |
| STEPHEN COLLINS | MAG. JUDGE KAREN L. HAYES |

## RULING

This matter is before the Court for consideration under 18 U.S.C. § 3582(c)(2).

On December 20, 2006, Defendant Stephen Collins ("Collins") pled guilty to possession of 50 grams or more with intent to distribute crack cocaine,[1] in violation of 18 U.S.C. § 841(a)(1). Following Collins's plea, the United States Probation Office ("USPO") conducted a pre-sentence investigation and issued a Pre-Sentence Report. The Probation Officer determined that Collins was subject to a statutory minimum sentence of 240 months because of his prior felony drug conviction.

However, prior to sentencing, on July 3, 2007, the Government filed a motion for departure pursuant to 18 U.S.C. § 3553(e). The Government recommended that Collins's statutory minimum sentence be reduced by 24 months to a term of 216 months imprisonment. On July 6, 2007, Collins filed a sentencing memorandum in which he requested that the Court grant him a greater reduction than that recommended by the Government.

---

[1]Collins pled guilty before Magistrate Judge Hayes. On January 23, 2007, the Court adopted her report and recommendation on his guilty plea. [Doc. No. 46].

On July 9, 2007, the Court held a sentencing hearing. After having reviewed the evidence of Collins's substantial assistance to authorities, as well as the other factors set forth in 18 U.S.C. § 3553(a), the Court imposed a term of imprisonment of 156 months, which was a reduction of 65% of his statutory minimum sentence.

On November 1, 2007, the United States Sentencing Commission's ("Sentencing Commission") Amendment 706, as further amended by Amendment 711, to U.S.S.G. § 2D1.1, Unlawful Manufacturing, Importing, Exporting, or Trafficking (Including Possession with Intent to Commit These Offenses); Attempt or Conspiracy, took effect. Amendment 706 generally reduces by two levels the base offense levels applicable to cocaine base or crack offenses. On December 11, 2007, the Sentencing Commission voted in favor of applying the amendment retroactively to crack offenses, effective March 3, 2008. The Sentencing Commission also promulgated amendments to Policy Statement § 1B1.10, Reduction in Term of Imprisonment as a Result of Amended Guidelines Range, which implemented the retroactive application of Amendment 706, as amended by Amendment 711, effective March 3, 2008.

After the Sentencing Commission's amendments to the base offense levels for crack, the Court began, *sua sponte*, to review the defendants potentially affected by those amendments. Collins was identified by the USPO as a person who might be affected by the amendments.

The USPO provided the Court with Guidelines calculations based on the amendments to § 2D1.1. The USPO found that Collins remained subject to a statutory minimum sentence of 240 months; therefore, the amendments to § 2D1.1 did not apply to him.

On April 4, 2008, the Court issued an order appointing the Office of the Federal Public Defender to represent Collins. The April 4, 2008 Order further provided notice of the Court's

intent to reduce Collins's term of imprisonment from 156 to 126 months, based on the Court's review of the pre-sentence report and record. The Court had determined that its original sentence was a 7% reduction from the minimum of the Guidelines range for Collins's offense level and criminal history category. Accordingly, the Court reached the 126-month term by reducing the minimum term of imprisonment under the revised Guidelines range by 7%. The April 4, 2008 Order required counsel to file within 60 days a notice stating (1) whether a hearing is requested or waived and (2) whether there are any objections to the re-calculation and/or to the Court's proposed term of imprisonment. Counsel were also provided a copy of the Probation Office's calculations.

The Government and Collins have filed sentencing memoranda under seal. Collins did not object to the reduction. However, the Government does object. The Government contends that the Guideline range in this case is identical. Prior to Amendment 706, Collins faced a 240-month statutorily-mandated sentence, and, after the Amendment, he faced a 240-month statutorily-mandated sentence. The Government cites Fifth Circuit case law for the proposition that the Court must use the statute as the starting point for any downward departure. *United States v. Santa Lucia*, 991 F.2d 179, 180 (5th Cir. 1998). Accordingly, the Government argues that § 3582(c)(2) and the policy statement contained in U.S.S.G. § 1B1.10 do not permit any further reduction. *See, e.g., United States v. Johnson*, 517 F.3d 1020, 1024 (8th Cir. 2008) (Amendment 706 "would not affect Johnson in any event because his sentence was subject to statutory mandatory minimums. . . . Since the district court used the 120 month mandatory minimum as its point of departure, resentencing is not warranted.").

In response, Collins filed a memorandum arguing that his term of imprisonment is

3

"based," at least in part, on § 2D1.1 because U.S.S.G. § 5G1.1[2] requires a comparison of the otherwise applicable Guideline range and the statutory minimum sentence before the final sentencing range may be determined.

A.  Analysis

Section 3582(c)(2) provides:

The court may not modify a term of imprisonment once it has been imposed except that-

...

in the case of a defendant who has been sentenced to a term of imprisonment **based on a sentencing range that has subsequently been lowered** by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

(emphasis added). If § 3582(c)(2) applies, then the decision whether to reduce a defendant's sentence rests "in the sound discretion of the district judge." *United States v. Whitebird*, 55 F.3d 1007, 1009 (5th Cir. 1995)(citing *United States v. Shaw*, 30 F.3d 26, 28 (5th Cir.1994)). However, the statute requires the Court to consider whether its proposed reduction is consistent with the Sentencing Commission's policy statements. In this case, the policy statement is

---

[2]Section 5G1.1 provides in pertinent part:

> Where the statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline range.

U.S.S.G. § 5G1.1(b). For example, if the applicable guideline range is 41-51 months, but the statutory minimum sentence is 60 months, "the sentence required by the guidelines under subsection (b) is 60 months." *See* U.S.S.G. § 5G1.1, Cmt.

4

contained in U.S.S.G. § 1B1.10 (effective March 3, 2008), which provides:

(a) Authority.--

(1) In General.–In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction . . . shall be consistent with this policy statement.

(2) Exclusions.–A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if–

(A) None of the amendments . . . is applicable . . . ; or

(B) **an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.**

(b) Determination of Reduction in Term of Imprisonment--

(1) In General.-In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

(2) Limitations and Prohibition on Extent of Reduction--

(A) In General.--Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a

> term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.
>
> (B) Exception.--If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate. However, if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005), a further reduction generally would not be appropriate.

U.S.S.G. § 1B1.10(a)-(b) (Supp. to the 2007 Guidelines Manual) (emphasis added).

First, the Court finds that it has no authority under § 3582(c)(2) to reduce Collins's sentence further. Contrary to Collins's arguments, he was never subject to a Guidelines sentence. His "Guideline" range is the statutory minimum of 240 months, the same as it was at the time of his sentencing. Collins would have received that statutory minimum sentence if it were not for the Government's § 3553(e) motion.

Second, the Sentencing Commission's policy statement does not aid Collins. Generally, the Sentencing Commission has stated that a reduction should not be less than the minimum of the Guidelines range. However, the Sentencing Commission recognizes an exception where "the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing." In such a case, it "may be appropriate" for the Court to offer a comparable reduction to a term less than the amended guideline range. This exception is tied to the Guidelines range and is only applicable to Guidelines sentences. The Sentencing Commission is clear that "[a] reduction in [Collins's]

term of imprisonment is not consistent with this policy statement and therefore is not authorized under . . . § 3582(c)(2) if . . . [Amendment 706] . . . does not have the effect of lowering [Collins's] applicable guideline range." U.S.S.G. § 1B1.10(a)(2). In this case, Collins's Guideline range was unaffected by Amendment 706. He was subject to a non-Guidelines sentence and received a substantial reduction, far greater than that recommended by the Government. The Court's starting point for that reduction was not the Guidelines range, but the statutory minimum sentence.[3]

Under these circumstances, the Court has determined that no further reduction is appropriate.[4]

### B. Request for Hearing

Collins has also requested a hearing in this matter. As the Fifth Circuit has recognized, § 3582(c) motions can generally be decided without a hearing because the proceedings are limited in scope and "not a second opportunity to present mitigating factors to the sentencing judge," but "simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give certain defendants the benefits of an amendment to the Guidelines." *Whitebird*, 55 F.3d at 1011; *see also* U.S.S.G. § 1B1.10(a)(3) ("[P]roceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.").

---

[3] While the Court sentenced Collins to 156 months imprisonment, less than the minimum of the otherwise applicable Guidelines range, the Court reduced Collins's sentence from the statutory minimum based on his substantial assistance, without regard to the Guidelines range.

[4] The Court would further note that, even if it were permitted to reduce Collins's sentence further, it would not do so. Based on the evidence provided to the Court of Collins's substantial assistance to the Government, the Court believes that a term of imprisonment of 156 months is appropriate.

The Court has been provided with sufficient information in the record and by the parties to reach a determination on Collins's reduction without the necessity of a hearing.

### C. Conclusion

For the foregoing reasons, the Court determines that Collins is not entitled to any further reduction in his term of imprisonment.

MONROE, LOUISIANA, this ___5___ day of ___August___, 2008

_____<br>
ROBERT G. JAMES<br>
UNITED STATES DISTRICT JUDGE